## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZAMIRA CASTRO, TRACI CAMPBELL, FRANCESCA GIORDANO, STEPHANIE KELLY, and SHEILA ADDISON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>7 CUPS OF TEA, CO.,<br><br>    Defendant. | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Case No. 1:25-cv-02563 |

Plaintiffs Zamira Castro, Traci Campbell, Francesca Giordano, Stephanie Kelly, and Sheila Addison, on behalf of themselves and all others similarly situated, bring this class action suit for damages and equitable relief against Defendant 7 Cups of Tea, Co. ("7 Cups" or "Defendant"). Plaintiffs allege the following based upon personal information as to allegations regarding themselves, and the investigation of their counsel and on information and belief as to all other allegations:

# TABLE OF CONTENTS

NATURE OF THE ACTION ................................................................................1

THE PARTIES ..................................................................................................3

JURISDICTION AND VENUE ...........................................................................4

FACTUAL ALLEGATIONS ...............................................................................5

    A.    Defendant Falsely Affiliates Itself with Tens of Thousands of
        Mental Health Providers for Financial Gain ...............................5

    B.    Defendant Confuses Consumers about its Services and Mental
        Health Providers' Affiliations with 7 Cups ...............................14

    C.    Defendant's Misconduct has Caused Widespread Outcry from
        Mental Health Providers...........................................................17

    D.    7 Cups' Misconduct Injures Plaintiffs and the Public at Large .22

CLASS ACTION ALLEGATIONS ....................................................................25

FIRST CAUSE OF ACTION ...........................................................................31

SECOND CAUSE OF ACTION .......................................................................33

THIRD CAUSE OF ACTION ..........................................................................34

FOURTH CAUSE OF ACTION .......................................................................36

FIFTH CAUSE OF ACTION............................................................................38

SIXTH CAUSE OF ACTION ...........................................................................39

SEVENTH CAUSE OF ACTION ......................................................................40

EIGHTH CAUSE OF ACTION ........................................................................41

NINTH CAUSE OF ACTION...........................................................................43

PRAYER FOR RELIEF ...................................................................................44

## NATURE OF THE ACTION

1.      Approximately 20 percent of adults in the United States report living with mental illness.[1] Of the nearly 50 million adults with a mental illness nationwide, over half go untreated.[2] In New York, over 1.6 million of the 3 million adults who have a mental illness do not receive treatment.[3]

2.      7 Cups is a company that purports to help address the crisis in access to mental health care by providing "free online therapist & counseling" and by hosting a "provider directory" with tens of thousands of mental health providers. In reality, 7 Cups does not provide free therapy, and the vast majority of mental health providers listed on 7 Cups' "provider directory" have no affiliation whatsoever with 7 Cups.

3.      Individuals who visit the 7 Cups website need mental health treatment. Instead of providing that care, 7 Cups harms this vulnerable population of people in need.

4.      7 Cups willfully and knowingly misappropriates mental health providers' names and reputations for an age-old reason: to increase their profits. 7 Cups' provider directory creates a false impression of having an extensive network of mental health providers that provide services for 7 Cups users, when they do not, in

---

[1] Nat'l Institute of Mental Health, *Mental Health Statistics*, https://www.nimh.nih.gov/health/statistics/mental-illness (last visited May 7, 2025).

[2] Mental Health America, *State of Mental Health in America Adult Data 2022*, bit.ly/4iOFQEv (last visited May 7, 2025).

[3] *Id.*

order to drive people seeking mental health care to their website, attracting more users and more profit.

5.      7 Cups has taken Plaintiffs' names, identities, and reputations—without their consent and without compensation—misappropriating their likenesses and reputations, and falsely advertising their services using inaccurate information generated by AI. These misrepresentations mislead consumers and inure significant financial benefit to 7 Cups.

6.      Mental health providers like Plaintiffs are deeply troubled to discover that 7 Cups is profiting from their names and reputations and misdescribing their services. As one provider related:

> 7 Cups is mining therapist data from national registries and legitimate therapist directories. They have created a profile for myself (a therapist in private practice) as well as many of my colleagues without permission and are using our "listings" to gain traffic to their website and business. Myself nor these other therapists have consented to have our profiles on their website, nor for them to use our information for their financial gain. Legitimate therapists and mental health practices don't prey off of other therapists.

7.      7 Cups misleads and confuses individuals in need of mental health care. 7 Cups falsely represents that they provide "free therapy"; confuses consumers that the providers listed on its provider directory are affiliated with 7 Cups; and uses inaccurate information to describe these providers' services. As one consumer related:

> Misleading. When I looked for a therapist in my area it gave me the name of a therapist along with an inaccurate credential listing and an inaccurate description of what they specialize in or modalities they use. They said they would forward a message to the therapist but never hea[r]d back. When I goo[gle]d the therapists name it was a totally

different description, title, and specialty. It was misleading
and a complete waste of my time. It's already hard enough
to find the right therapist with the right approach but this
business actually misleading and inaccurate.

8.    Accordingly, Plaintiffs seek damages and equitable relief, including
disgorgement of Defendant's profits, on behalf of themselves and all others similarly
situated.

## THE PARTIES

9.    Plaintiff Zamira Castro is a mental health provider in New York and
Florida. She was listed on 7Cups.com without her consent. Although Defendant has
removed her listing from 7 Cups.com—after her repeated requests—internet search
results still display her information as affiliated with 7Cups.com.

10.    Plaintiff Traci Campbell is a mental health provider in Texas. She is
listed on 7Cups.com without her consent. She has demanded Defendant remove her
from their website, but she is still listed on 7 Cups' provider directory and internet
search results still display her information as affiliated with 7Cups.com.

11.    Plaintiff Francesca Giordano is a mental health provider in Illinois. She
was listed on 7Cups.com without her consent. Although Defendant has removed her
listing from 7 Cups.com—after her repeated requests—internet search results still
display her information as affiliated with 7Cups.com.

12.    Plaintiff Stephanie Kelly is a mental health provider in California. She
is listed on 7Cups.com without her consent. Search results also display her
information as affiliated with 7Cups.com.

13.     Plaintiff Sheila Addison is a mental health provider in Washington. She was listed on 7Cups.com without her consent. Although Defendant has removed her listing from 7Cups.com—after her repeated requests—internet search results still display her information as affiliated with 7Cups.com.

14.     Defendant 7 Cups of Tea, Co. is a Delaware corporation headquartered in Palo Alto, California.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1332(a)(1).

16.     This Court also has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because the aggregate amount in controversy exceeds $5 million, exclusive of interests and costs; more than 100 class members are involved; and many members of the proposed Classes are citizens of different states than the Defendant.

17.     This Court has personal jurisdiction over Defendant because it committed the tortious acts alleged herein in New York, regularly conducts business in this District, and has extensive contacts with this forum.

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Defendants transacts substantial business in this District.

19.     This Court has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

**A.     Defendant Falsely Affiliates Itself with Tens of Thousands of Mental Health Providers for Financial Gain**

20.     7 Cups represents that, for those seeking "professional therapy," it has "licensed therapists" and "hundreds of profiles . . . to choose a therapist in your area or online":

> For those seeking professional therapy, 7 Cups offers a seamless way to find licensed therapists who match your specific needs. You can browse hundreds of profiles and detailed reviews to choose a therapist in your area or online who offers the right expertise and approach. This personalized matching process ensures that you receive quality care tailored to your unique mental health journey.[4]

21.     This creates the impression that these "hundreds of profiles" of therapists are affiliated with 7 Cups. In reality, the vast majority of mental health providers—likely numbering in the tens of thousands—are listed on the 7 Cups website without their consent.

22.     7 Cups directs users searching for a mental health provider to their "provider directory," which appears to include an extensive network of mental health providers affiliated with 7 Cups for users to be able to "find a therapist":



---

[4] https://archive.ph/MCdPz (last visited May 7, 2025).

23.     In the search results generated, each provider listing includes a description of their services, specializations, and populations served, which further serve to create the false impression that the mental health provider is affiliated with 7 Cups. On information and belief, Defendant uses stock images and AI-generated content—derived from Psychology Today and other online resources—to generate the descriptions of a provider's practice.

24.     Right below each therapist's name is a bright blue "Send Message" button, which falsely suggests that 7 Cups has an affiliation and can send a message directly to the therapist. This is illustrated by the unauthorized provider listings of Plaintiffs Campbell and Kelly as shown from a mobile phone:



**Traci Campbell**

Clinical Social Work/Therapist, LCSW

Austin, TX

Send Message

Traci Campbell is a dedicated Clinical Social Worker and therapist who empowers her clients to enact meaningful life changes. With over 22 years of experience, she is inspired by the courage clients demonstrate as they embark on their journeys of self-discovery and self-improvement. Traci understands that real change often requires support and a deeper understanding of oneself, drawing on her own life experiences to build trust and connection. For many clients, her office is a safe space to share their hurt and loss for the first time. As an advanced level practitioner in somatic experiencing, Traci excels in helping individuals and couples navigate conflict and resolution within their relationships. She is skilled in



25.    When a user clicks the "send message" button, a screen then pops up that states that all a user need do "to send a message right away" is "[j]ust fill out the form below to send a message to [provider]"—again creating the misleading impression that 7 Cups has a relationship with the provider:

- 8 -



26.    After messaging a provider, 7 Cups contacts the user, claiming that they have contacted the therapist ("We've contacted the listed service provider you selected and will keep you updated"), but primarily directing the user to 7 Cups and promoting their own services ("In the meantime, did you know that 7 Cups is the world's largest emotional support community . . . . Explore 7 Cups"):



27.    In addition to seeking profit by re-directing users to find a therapist affiliated with 7 Cups, when a provider requests to be removed from 7 Cups' website, Defendant also seeks to convince the provider to sign up with 7 Cups to get "free referral[s]" and offering a "free premium month of being listed on 7 Cups":

---

**7 Cups Support Team** (7 Cups)

Mar 31, 2025, 8:56 AM PDT

Dear Francesca,

Thank you for contacting 7 Cups. 7 Cups is the world's largest mental health community. We have over 570,000 trained volunteer listeners across 189 countries that provide support in 140 languages. We have reached over 73 million people. Often, we need to make referrals to licensed clinicians, shelters, and food pantries. That is why we built our provider directory and local support service. We are now starting to make referrals to local clinicians.

The goal of the local support systems (7cups.com/local) is to connect people online to services offline so they can get better help. We believe therapists are an important part of local support systems.

I understand that you may have reasons for wanting to be removed, but I wanted to share some additional context that you might find helpful. 7 Cups sends out thousands of free referrals to therapists every month. If someone were to complete the contact form on your profile, we would forward their information to you for follow-up. This would essentially be a free referral for you. We operate similarly with food pantries and shelters, as our goal is to connect people with local resources in their community.

We are providing therapists the option of a free premium month of being listed on 7 Cups to gain additional referrals. We are also providing this premium service to therapists free of charge if they cannot afford it as we think it is important for therapists to get referrals and build their practice. We want to feature as many therapists we can as part of the local support system.

If you do not wish to have your profile listed and decide not to become part of our local support network then please let us know and we will delete your profile within 48 business hours.

Best regards,

7 Cups Support Team

---

28.    Thus, Defendant reaps financial gain not only by selling its own services to users after they attempt to reach a provider falsely listed on 7 Cups, but also by trying to convince providers to join 7 Cups for a cost.

29.    7 Cups also benefits from using the unauthorized provider listings for search engine optimization, driving increased internet traffic to its website.

30.    For instance, when individuals search for a provider's name using Google—and particularly when they use a provider's name and the word "therapist"—

they may see a search result affiliating the provider with 7 Cups, as illustrated by these search results for Plaintiff Campbell and Kelly:



7 Cups
https://www.7cups.com › local › us › tx › austin › therapists › traci-campbell-clinical-social-628219... •••

**Traci Campbell, Clinical Social Work/Therapist, LCSW in Austin, ...**

Learn more about **Traci Campbell**, Clinical Social Work/**Therapist**, LCSW and get in touch! Find free resources in your community. We are here to listen. Find Help, Online Therapy & Free Counseling and Someone to Talk to while on the go! We are here to listen. ... **Traci Campbell** Clinical Social...



7 Cups
https://www.7cups.com › ... › FL › Brandon › Therapists ⋮

**Stephanie Kelly in Brandon, FL - Get in Touch**

**Stephanie Kelly is a skilled therapist** who understands that life can be incredibly challenging and often turns out differently than one envisions.

31.    In fact, even though 7 Cups removed Plaintiff Giordano's listing after she demanded that it do so, someone searching her name and "therapist" in Google can still see her 7 Cups listing in a search result:



7 Cups
https://www.7cups.com › US › IL › Chicago › Therapists ⋮

**Dr Francesca G Giordano, Counselor, PHD in Chicago, IL**

**Dr. Francesca Giordano** is the principal partner of Veduta Consulting, LLC, where she focuses on providing expert counseling in sexuality, anger management, ...

32.    The same is true for Plaintiffs Castro and Addison, whose listings have also been removed from the website, yet still appear in Google search results:



**7 Cups**
https://www.7cups.com › ... › Delray Beach › Therapists   ⋮

**Zamira Castro (she-her-ella), Psychologist, PHD in Delray Beach ...**

Zamira Castro, PhD, is **a compassionate psychologist who specializes in talk therapy for adults** navigating the complexities of life and its challenges.



**7 Cups**
https://www.7cups.com › US › WA › Seattle › Therapists   ⋮

**Sheila Addison - Marriage & Family Therapist, PHD**

Sheila specializes in a range of concerns including **relationship satisfaction, communication improvement, emotional intimacy, sexual issues**, and trust or ...

33.     As 7 Cups has itself admitted in response to a mental health provider who demanded their listing be removed: "[B]ecause 7 Cups is a popular site, we get a lot of search traffic. That is likely how you found us and how other people will also find you if you like. The listing service builds on information like the NPI register and others. We'd like to extend an offer to you of free 6 months in the listing service."

34.     In addition, 7 Cups falsely affiliates itself with licensed mental health providers, like Plaintiffs, to bolster their own company's reputation. As one provider explained, "Our licenses are valuable. . . . If a company can claim that they have some connection to us, then that gives them a kind of validity, but it is without our permission."[5]

---

[5] Mashable, *Finding a therapist can be hard. 'Ghost networks' make the problem worse.*, (Apr. 17, 2025), https://mashable.com/article/7-cups-therapist-directory-ghost-networks (last visited May 7, 2025)

35.    Defendant's practices of generating a description about the provider's services are also inaccurate and misleading. On information and belief, Defendant uses stock images and AI-generated descriptions of a mental health provider's practice—derived from Psychology Today and other online resources—which creates inaccurate, incomplete, and misleading information about providers.

36.    For instance, 7 Cups inaccurately advertises Plaintiff Kelly as practicing in Florida when she does not. Plaintiff Kelly practices in California.

37.    7 Cups also inaccurately described Plaintiff Giordano's services, stating that she spoke Italian, when she does not, presumably due to AI-assumptions based on her last name.

38.    There were additional other inaccuracies in Plaintiffs' listings about their specializations and populations served.

39.    Indeed, individuals seeking care have noted that their searches for mental health providers "gave me the name of a therapist along with an inaccurate credential listing and an inaccurate description of what they specialize in or modalities they use."

40.    Finally, 7 Cups claims to provide "Free Online Therapist and Counseling" services. It does not.

41.    The only "free therapy" provided by 7 Cups is not with a therapist, as advertised, but is instead a virtual chat service with a "listener." 7 Cups does not purport to represent that a "listener" is a therapist or professional mental health provider. In fact, a "listener" is an untrained volunteer recruited by 7 Cups.

42.    To correspond with a licensed therapist (which includes unlimited messages to the therapist, with one or two responses a day from the therapist, on Monday through Friday), 7 Cups requires a monthly payment of $159. For weekly talk therapy sessions, 7 Cups charges $299 a month.[6]

43.    The design of its website also drives users towards 7 Cups' paid therapy service. On nearly every page to which one can navigate, there are several prominent buttons, banners, sales, or other notable features which promote the paid therapy service, including the home page and the dashboard page (see below):



41.    Accordingly, Defendant has falsely affiliated itself with mental health providers, like Plaintiffs, and falsely advertised their services, and in turn, has reaped financial gains for itself.

## B.    Defendant Confuses Consumers about its Services and Mental Health Providers' Affiliations with 7 Cups

44.    Consumers seeking mental health care, and mental health providers, have complained online about the immense confusion caused by 7 Cups.

---

[6] https://archive.ph/MCdPz (last visited May 7, 2025).

45.    Consumers have criticized the misleading provider directory, believing, in accordance with the false impression created by 7 Cups, that 7 Cups has a relationship with the therapists accessible through their provider directory (and through the individual 7 Cups search results generated on Google).

46.    Consumers, if they are ultimately able to discover that 7 Cups is not affiliated with the overwhelming majority of the listed mental health providers, are rightfully confused and frustrated. Below is a selection from third-party websites that host reviews, such as the Better Business Bureau and Trustpilot.



 **JI L**

**Date:** 03/26/2025

⭐☆☆☆☆

Misleading. When I looked for a therapist in my area it gave me the name of a therapist along with an inaccurate credential listing and an inaccurate description of what they specialize in or modalities they use. They said the would forward a message to the therapist but never head back. When I good the therapists name it was a totally different description, title and specialty. It was misleading and a complete waste of my time. Its already hard enough to find the right therapist with the right approach but this business actually misleading and inaccurate.

 **Katelynn S**

**Date:** 03/28/2025

⭐☆☆☆☆

They are stilling professional information and listing it in their directory. When you try to connect with the provider they will tell you they are not taking new clients and assign you to someone else.



47.    One of the many reasons consumers are misled and confused is because 7 Cups does not post any disclaimers on the provider directory or search results webpages.

48.    The only disclaimer that 7 Cups does appear to provide is clearly inadequate—and in any event—would not justify the fabricated listings in the provider directory on 7Cups.com.

49.    This disclaimer can only be found *after* clicking on an individual mental health provider's listing. At the bottom of the provider listing—below the image of the provider, the "Send Message" button, and a paragraph description of the provider's services—appears, in small italics text, a disclaimer stating: "*This clinician is not employed by 7 Cups. This page is part of a provider directory. Only therapists that have claimed their listing with 7 Cups can be contacted directly through the*

*platform. All other therapists are listed as a resource for visitors. They are not employed by 7 Cups*."

50.     On a mobile phone, if a user continues to scroll even further below this disclaimer—or if on a desktop computer, if they look to the top right of the screen—they will see a "Is this your listing? Join our provider directory for **3 free months** of referrals" and a "Claim it now" button.

51.     Defendant knows these disclaimers are insufficient as consumers have been confused and deceived, believing 7 Cups has some manner of affiliation with the tens of thousands of mental health providers that it directs users to on its provider directory.

52.     Defendant's website also does not contain any disclaimer noting that the descriptions they have generated for each provider *do not come from the provider* and may be inaccurate.

53.     Thus, consumers are not only confused into believing that 7 Cups is affiliated with the provider, consumers are also misled about the services the provider actually provides.

**C.    Defendant's Misconduct has Caused Widespread Outcry from Mental Health Providers**

54.     Because mental health providers maintain and are conscious of their online presence, through which they can attract inquiries from clients, providers have become aware of their unauthorized 7 Cups' profiles.

55.     There has been a widespread outcry regarding 7 Cups' practices. For instance, an April 17, 2025 article in Mashable with the sub-headline of "A

controversial therapist directory started by 7 Cups recently caused an uproar,"[7] detailed experiences of upset providers. As one provider related in the article, "This deceptive practice not only misrepresents me as being affiliated with their service (which I am not), but also violates consumer trust, misleads clients seeking care, and infringes upon my professional reputation and intellectual property."

56.    Similarly, reviews on Better Business Bureau abound with angry providers:



**Annette C**

**Date:** 03/27/2025



EVERYONE!! 7 cups is a SCAM. They do not have trained or licensed mental health clinicians. They have "listeners" that are just regular people that are not trained to provide therapy. That's fine if you don't care if the person is qualified. What is alarming is that this company steals the profiles of actual licensed therapists off of psychology today, (which is a legitimate site that therapists use to offer services), and used them to lure vulnerable people into thinking they well be talking to a trained therapist but then redirect them to "listener." They have been doing this without the therapist's knowledge or consent, making it look like they are employed by the company. I found out about this and looked myself up. Sure enough I found my profile, as well as every colleague that I know on there. This is shockingly unethical, dangerous to people in need, and frankly disgusting. They take advantage of people in pain and offer them hope. I am sending a cease and desist letter immediately and I'm joining a lawsuit against them for false representation of my services and my reputation as a well-known, legitimate, licensed professional and for damages.

**Katelynn S**

**Date:** 03/28/2025



They are stilling professional information and listing it in their directory. When you try to connect with the provider they will tell you they are not taking new clients and assign you to someone else.

---

[7] Mashable, *supra* note 5.

 **Kerry O**

**Date:** 03/31/2025



Unethical website!!They stole my professional information from my website to try and funnel clients to their listeners and have not responded to my emails demanding they remove my information from their website.unauthorized use constitutes a violation of my intellectual property rights and is causing harm to my reputation and business interests.

 **Amanda D**

**Date:** 03/26/2025



This company is creating fake profiles for therapists who have no association with their platform. They send false messages that they are reaching out to the therapist after someone requests that person and redirects to their website in the meantime. There are THOUSANDS of us therapists who have not authorized this company to use our information. Many, MANY of us are fighting back.

 **Bridgitte H**

**Date:** 03/26/2025



They used my therapy profile telling clients they could reach out to me. I am not on their platform, they did not get my permission and they are doing this with multiple therapist. It is misleading for clients.

 **Marcia K**

**Date:** 03/25/2025



I am a licensed therapist and found my information on their website, posted without my permission. They use data from licensed clinicians to lure people onto their site, which uses "listeners", not licensed mental health providers. I am planning on contacting the *** to complain about this unethical unprofessional business practice.



**Amy N**

**Date:** 03/25/2025

★☆☆☆☆

7 Cups is mining therapist data from national registries and legitimate therapist directories. They have created a profile for my self (a therapist in private practice) as well as many of my colleagues without permission and are using out "listings" to gain traffic to their website and business. Myself nor these other therapists have consented to have our profiles on their website, nor for them to use our information for their financial gain. Legitimate therapists and mental health practices don't prey off of other therapists.



**Rich D**

**Date:** 11/05/2024

I am a licensed mental health counselor, and it recently came to my awareness that this website has fraudulently listed my contact information as a provider who works at 7 Cups. I have never provided any form of consent (nor EVER been employed) by 7 cups to use my information as a licensed provider. This is a fraudulent company Who is listing providers on their website as being employed by 7 cups. However, when you click on my profile that 7 cups fraudulently created without my consent or knowledge, it then directs consumers to use one of the paid employees by 7 cups. This is nothing more than a bait and switch tactic that capitalizes on mental health clients desire and need to find a therapist. 7 Cups is listing established mental health providers as working for them in an effort to try to deceive consumers into using their site. Do not use this fraudulent startup tech company that is deceiving mental health consumers as well as stealing licensed mental health providers information to try to attract more clientele. This is so disappointing in this day and age that a company would engage in such deceptive and fraudulent business practices. STAY AWAY FROM 7 CUPS!!!!!!!!!

57.    Similar reviews from providers can be found on Trustpilot:

 6 days ago

**Frauds!!!!**

I am a LPC in NJ. I recently found that 7 Cups used publicly available information about without my consent. I AM NOT affiliated with this platform in any way, nor did I receive any communication/referrals from them. This is a attempt to use my information to fraudulently bolster their credibility, giving the impression that hundreds of therapists utilize and/or endorse their platform. Once you click on my name it will say that I am not affiliated with them AND takes you to other therapists who are affiliated with them.

I have told every therapist I know about this site, and have encouraged them to reach out to this fraudulent company to take their professional information down.

**Date of experience:** April 02, 2025

👍 Useful **1**     ⌁ Share     ⚑

 **Dave Schwartz**     Mar 26, 2025
US • 1 review



**Misleading and Dishonest**

Misleading and Dishonest. I am a therapist licensed in 2 states. I have never worked with/for 7 Cups, but they listed me on their website to lure customers. When someone asks to be connected to me, they don't do that--instead, they redirect to their own service. In my book, that's fraud.

**Date of experience:** March 24, 2025



**D.    7 Cups' Misconduct Injures Plaintiffs and the Public at Large**

58.    By including a provider directory with thousands of mental health providers not affiliated with 7 Cups, Defendant has profited off of providers' hard-earned reputations, *without their consent and without compensation*. 7 Cups' unauthorized misappropriation of Plaintiffs' identities has caused irreparable harm, by causing a loss of control over their reputations and goodwill.

59.    Mental health providers care deeply about their patients and their ability to provide care for them. These providers work hard to develop their reputations, trust, and goodwill amongst patient populations. When 7 Cups inaccurately lists Plaintiffs and other providers on their provider directory, they are injured due to a loss of control of their identities, harm to their reputations, and erosion of trust in the patient populations that they serve.

60.     Reputational damage can happen with extraordinary speed in the era of online reviews, which increases the importance of providers' control over their practices. Online reviews, star ratings, and social media significantly impact consumer decisions in general. This is especially true in the realm of health care providers, as "online reviews are gaining popularity for patient decision-making processes, and "negative reviews [about providers] have a stronger impact than positive ones."[8]

61.     Given this modern reality, the loss of control over a provider's name, likeness, and reputation can be devastating.

62.     Reputational damage, along with administrative burdens, are also caused when Plaintiffs are called or emailed by confused 7 Cups' users to make an appointment, as it is often the provider's reputation that is damaged when they are forced to tell the individual in need that they are not, in reality, affiliated with 7 Cups.

63.     Plaintiffs did not agree that 7 Cups could misappropriate and profit from their hard-earned reputations. 7 Cups has no right to profit from what they did not create and what they did not ask for permission to use.

64.     Defendants have acted in bad faith and have been unjustly enriched by the misappropriation and exploitation of the goodwill and reputations of Plaintiffs and the class members.

---

[8] *See* Pauli et al., *The current state of research of word-of-mouth in the health care sector*, 20 Int'l Rev. on Public and Nonprofit Marketing (2022), https://link.springer.com/article/10.1007/s12208-022-00334-6 (last visited May 7, 2025).

65. In addition, 7 Cups has caused injury to the public and individuals in need of mental health care.

66. The individuals who visit the 7 Cups website are those seeking mental health treatment. In their moment of need, rather than being able to find a therapist, they are met with a provider directory filled with providers with no relationship to 7 Cups.

67. Because people in need are unable to find a therapist affiliated with 7 Cups on the provider directory, urgent mental health treatment may be delayed, and, at worst, abandoned completely.

68. In other cases, an individual in need of a licensed therapist will be directed by 7 Cups to obtain mental health care from an unlicensed and untrained "listener." 7 Cups represents that "listeners" have completed a "course in advanced skills for compassionate communication[.]"[9] This course, however, is designed for anyone to pass and become a "listener," and can be completed in roughly 30 minutes.



69. Rather than being treated by professional and licensed therapists, as 7 Cups advertises, individuals are directed to untrained and unlicensed volunteers,

---

[9] https://archive.ph/MCdPz (last visited May 7, 2025).

who may cause serious harm to individuals in need of professional mental health care.

70.     Accordingly, 7 Cups has caused harm not only to the providers falsely listed on its website, but to the public at large.

## CLASS ACTION ALLEGATIONS

71.     Plaintiffs bring this action on behalf of themselves and on behalf of the following proposed Nationwide Class, initially defined as follows:

> All individuals in the United States that, without their agreement, Defendant list or have listed on 7cups.com, and/or such subclasses as the Court may deem appropriate.

72.     Plaintiff Castro also brings this action on behalf of herself and on behalf of the following proposed New York Subclass, initially defined as follows:

> All individuals in New York that, without their agreement, Defendant list or have listed on 7cups.com, and/or such subclasses as the Court may deem appropriate.

73.     Plaintiff Campbell also brings this action on behalf of herself and on behalf of the following proposed Texas Subclass, initially defined as follows:

> All individuals in Texas that, without their agreement, Defendant list or have listed on 7cups.com, and/or such subclasses as the Court may deem appropriate.

74.     Plaintiff Giordano also brings this action on behalf of herself and on behalf of the following proposed Illinois Subclass, initially defined as follows:

> All individuals in Illinois that, without their agreement, Defendant list or have listed on 7cups.com, and/or such subclasses as the Court may deem appropriate.

75.    Plaintiff Kelly also brings this action on behalf of herself and on behalf of the following proposed California Subclass, initially defined as follows:

> All individuals in California that, without their agreement, Defendant list or have listed on 7cups.com, and/or such subclasses as the Court may deem appropriate.

76.    Plaintiff Addison also brings this action on behalf of herself and on behalf of the following proposed Washington Subclass, initially defined as follows:

> All individuals in Washington that, without their agreement, Defendant list or have listed on 7cups.com, and/or such subclasses as the Court may deem appropriate.

77.    Excluded from the proposed Classes are Defendant and its parents, subsidiaries, affiliates, officers, and directors, and any entity in which Defendant has a controlling interest.

78.    Plaintiffs reserve the right to re-define any of the class definitions prior to class certification and after having the opportunity to conduct discovery.

79.    The claims of all class members derive directly from a single course of conduct by the Defendant. Defendant has engaged and continues to engage in uniform and standardized conduct toward the putative class members. Defendant does not differentiate, in degree of care or candor, in its actions or inactions, or the content of its statements or omissions, among individual class members.

80.    Certification of Plaintiffs' claims is appropriate because Plaintiffs can prove the elements of Plaintiffs' claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

81. Accordingly, Plaintiffs bring this lawsuit as a class action on Plaintiffs' own behalf and on behalf of all other business, entities, and individuals similarly situated pursuant under Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

82. Specifically, this action has been properly brought and may properly be maintained as a class action under Rule 23(a)(1-4), Rule 23(b)(1), (2), or (3), and/or Rule 23(c)(4) of the Federal Rules of Civil Procedure.

83. **Numerosity** (Fed. R. Civ. P. 23(a)(1)). The members of the proposed Classes are each so numerous that their individual joinder would be impracticable. While the exact number is not known at this time, it is generally ascertainable by appropriate discovery, and it is believed each Class includes many tens of thousands of members. The precise number of class members, and their addresses, are unknown to Plaintiffs at this time but can be ascertained from Defendant's records.

84. **Ascertainability.** The Classes are ascertainable because their members can be readily identified using business records, and other information kept by Defendant in the usual course of business and within their control or Plaintiffs and the Classes themselves. Plaintiffs anticipate providing appropriate notice to the Classes to be approved by the Court after class certification, or pursuant to court order.

85. **Commonality and Predominance** (Fed. R. Civ. P. 23(a)(2); 23(b)(3)). Common questions of law and fact exist as to all class members. These questions

- 27 -

predominate over the questions affecting only individual class members. The common legal and factual questions include, without limitation:

(a)    whether Defendant obtained class members' permission before listing them on 7cups.com;

(b)    whether Defendant otherwise engaged in unfair, unlawful, fraudulent, unethical, unconscionable, and/or deceptive trade practices;

(c)    whether Defendant profited as a result of their deceptive acts;

(d)    whether Defendant violated the applicable statutes identified herein;

(e)    whether reasonable consumers are likely to be misled by Defendant's conduct;

(f)    whether Defendant has knowledge that its behavior was likely to deceive a reasonable consumer;

(g)    whether Defendant violated the statutes alleged herein;

(h)    whether Plaintiffs and the Classes are entitled to actual, compensatory, nominal, statutory, enhanced, and/or punitive damages;

(i)    whether Plaintiffs and the Classes are entitled to injunctive, declaratory relief, or other equitable relief;

(j)    whether Plaintiffs and the Classes are entitled to civil penalties;

(k)     whether Plaintiffs and the Classes are entitled to reasonable attorneys' fees and costs.

86.     **Typicality of Claims** (Fed. R. Civ. P. 23(a)(3)). The claims of Plaintiffs and the putative class members are based on the same legal theories and arise from the same unlawful and willful conduct of Defendant, resulting in the same injury to Plaintiffs and the putative class members. Plaintiffs and all class members are similarly affected by Defendants' wrongful conduct, were damaged in the same way, and seek the same relief. Plaintiffs' interests coincide with, and are not antagonistic to, those of the other class members. Plaintiffs have been damaged by the same wrongdoing set forth in this Complaint.

87.     **Adequacy of Representation** (Fed. R. Civ. P. 23(a)(4)). Plaintiffs are adequate representatives of the Classes because their interests do not conflict with the interests of the class members, and they have retained counsel competent and experienced in complex class action, business competition, health care and consumer litigation. Plaintiffs and their counsel will fairly and adequately protect the interest of the class members.

88.     **Superiority of a Class Action** (Fed. R. Civ. P. 23(b)(3)).  A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and class members.  There is no special interest in class members individually controlling the prosecution of separate actions. The damages suffered by individual class members, while significant, are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by

Defendant's conduct. Further, it would be virtually impossible for the class members individually to redress effectively the wrongs done to them. And, even if class members themselves could afford such individual litigation; the court system could not, given the tens or even hundreds of thousands of cases that would need to be filed. Individualized litigation would also present a potential for inconsistent or contradictory judgments. Individualized litigation would increase the delay and expense to all parties and the court system, given the complex legal and factual issues involved. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

89.    **Risk of Inconsistent or Dispositive Adjudications and the Appropriateness of Final Injunctive or Declaratory Relief** (Fed. R. Civ. P. 23(b)(1) and (2)).  In the alternative, this action may properly be maintained as a class action, because:

(a)    the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudication with respect to individual class members, which would establish incompatible standards of conduct for Defendant; or

(b)    the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of other class members not parties to the

adjudications, or substantially impair or impede their ability to protect their interests; or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Classes as a whole.

### FIRST CAUSE OF ACTION

**Unfair Competition and False Affiliation in Violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)
(On Behalf of Plaintiffs and All Classes)**

90.    Plaintiffs incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

91.    Defendant's conduct as set forth herein significantly impacts interstate commerce and commerce within this district.

92.    Section 43(a)(1)(A) of the Lanham Act provides liability as to

Any person . . . who uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

93.    As described more fully herein, Defendant has engaged in conduct with regards to the promotion of a network of providers and provider listings on 7Cups.com that falsely affiliates Plaintiffs and class members with Defendant.

94.     This conduct has caused, and is likely to cause, mistake and confusion as to the affiliation, connection, or association of Plaintiffs and the other class members with Defendant.

95.     The false and misleading statements and omissions described herein are material because they are intended to have an impact on whether consumers become Defendant's customers.

96.     The false and misleading statements and omissions described herein actually deceive or have the tendency to deceive potential customers of Plaintiffs and class members.

97.     Defendant's conduct, as described herein, constitutes a violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(A).

98.     As a direct and proximate result of Defendant's violations and false and misleading statements and omissions described herein, pursuant to 15 U.S.C. § 1117, Plaintiffs and the class members have been, or are likely to be, damaged. Plaintiffs and the Classes are likewise entitled to recover from Defendant all profits, gains and advantages obtained stemming from this improper conduct.

99.     Pursuant to 15 U.S.C. § 1117, Plaintiffs are further entitled to recover the costs of this action. Defendant's conduct was knowing, characterized by malicious intent, and explicitly designed to deceive the general public in order to reap profits unjustly at the expense of Plaintiffs and the Classes, entitling Plaintiffs to a statutory multiplier of actual damages, additional damages and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**False Advertising in Violation of Section 43 of the Lanham Act,**
**15 U.S.C. § 1125(a)(1)(B)**
**(On Behalf of Plaintiffs and All Classes)**

100.    Plaintiffs incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

101.    Defendant's conduct as set forth herein significantly impacts interstate commerce and commerce within this District.

102.    Section 43(a)(1)(B) of the Lanham Act provides liability as to

> Any person . . . who uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> . . .
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities. . . .

103.    As described more fully herein, Defendant has engaged in conduct with regard to the promotion of a network of providers and provider listings on 7Cups.com that contains false and/or misleading statements of fact, or omissions of essential facts, including those about the mental health services that Plaintiffs and the class members provide.

104.    Defendant's conduct as described herein constitutes a violation of the Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B).

105.    As a direct and proximate result of Defendant's violation and false and misleading statements and omissions described herein, pursuant to 15 U.S.C. § 1117, Plaintiffs and the Classes have or are likely to be damaged.  Plaintiffs and the Classes are likewise entitled to recover from Defendants all profits, gains, and advantages obtained during execution of this improper conduct.

106.    Pursuant to 15 U.S.C. § 1117, Plaintiffs are further entitled to recover the costs of this action. Defendant's conduct was knowing, characterized by malicious intent, and explicitly designed to deceive the general public in order to unjustly reap profits at the expense of Plaintiffs and the Classes, entitling Plaintiffs to a statutory multiplier of actual damages, additional damages and reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### Violations of New York Gen. Bus. Law § 349
### (On Behalf of Plaintiff Castro and the New York Subclass)

107.    Plaintiffs incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

108.    Plaintiff Castro and members of the subclass provide mental health services in the State of New York.

109.    NY GBL § 349 declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."

110.    NY GBL § 349 applies to Plaintiff Castro and the New York Subclass because the State of New York has an interest in regulating business conduct in the region.

111.    Any person who has been injured by reason of any violation of NY GBL § 349 may bring an action in his or her own name to enjoin such unlawful acts or practices, an action to recover their actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not exceeding three times the actual damages, in addition to one thousand dollars per violation, if the court finds that the Defendant willfully or knowingly violated this section.  The court may award reasonable attorneys' fees to a prevailing plaintiff.

112.    The practices employed by Defendant, by which they advertise and promote medical health providers in New York on 7Cups.com, were directed at the expense of Plaintiff Castro and the class members located in New York, violating GBL § 349.

113.    Plaintiff Castro and the New York Subclass have been injured by Defendant's deceptive acts or practices.

114.    Plaintiff Castro and the New York Subclass have no adequate remedy at law.

115.    Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff Castro and the New York Subclass and will continue to damage both Plaintiff and the New York Subclass and deceive the public unless enjoined by this Court.

116.    Defendant's conduct has also substantially injured the public, and particularly individuals in need of mental health care, by misleading people into

believing that they will be able to obtain a free therapist, or any therapist, through 7 Cups; causing the delay or abandonment of needed mental health care because people are unable to find a mental health provider on 7 Cups; and providing inadequate and potentially harmful mental health treatment from an unlicensed and untrained "listener," amongst other harms.

### FOURTH CAUSE OF ACTION

### Violations of New York Gen. Bus. Law § 350
### (On Behalf of Plaintiff Castro and the New York Subclass)

117.    Plaintiff Castro incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

118.    Plaintiff Castro and members of the New York Subclass provide mental health services in the State of New York.

119.    By reason of the acts set forth above, Defendants have been and are engaged in consumer-oriented advertising and marketing against Plaintiff Castro and class members located in New York, engaging in business conduct that is false and misleading in material respects, in violation of NY GBL § 350, which provides, in part, that "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state is hereby declared unlawful."

120.    Defendant caused statements that were untrue or misleading, and which they knew to be untrue or misleading, to be disseminated throughout New York State and elsewhere, through advertising, marketing, and other publications.

121.  Defendant's misrepresentations were material and substantially uniform in content, presentation, and impact upon consumers at large.  Consumers were and continue to be exposed to Defendant's material misrepresentations.

122.  Plaintiff Castro and the New York Subclass have been injured by Defendant's deceptive acts or practices.

123.  Plaintiff Castro and the New York Subclass have no adequate remedy at law.

124.  Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff Castro and the New York Subclass and will continue to damage both Plaintiff Castro and the New York Subclass and deceive the public unless enjoined by this Court.

125.  Pursuant to NY GBL § 350-e, Plaintiff Castro and the New York Subclass seek monetary damages (including actual damages or $500, whichever is greater, and minimum, punitive, or treble and/or statutory damages pursuant to NY GBL § 350-a(1)), injunctive relief, restitution, and disgorgement of all monies obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

126.  Defendant's conduct has also substantially injured the public, particularly individuals in need of mental health care, by misleading people to believe that they will be able to obtain a free therapist, or any therapist, through 7 Cups; causing the delay or abandonment of needed mental health care because people are unable to find a mental health provider on 7 Cups; and providing inadequate and

potentially harmful mental health treatment from an unlicensed and untrained "listener," amongst other harms.

## FIFTH CAUSE OF ACTION

### Violations of NY Rights of Publicity Law, N.Y. Civ. Rights Law §§ 50 & 51 (On Behalf of Plaintiff Castro and the New York Subclass)

127.    Plaintiffs incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

128.    Plaintiff Castro and members of the New York Subclass provide mental health services in the State of New York.

129.    N.Y. Civ. Rights Law § 50 forbids anyone from using, "for advertising purposes, or for the purposes of trade," the names of Plaintiff Castro and members of the New York Subclass "without consent."

130.    N.Y. Civ. Rights Law § 51 further provides that "[a]ny person whose name, portrait, picture, likeness or voice is used within this state for advertising purposes or for the purposes of trade without the written consent" may seek injunctive relief, "recover damages for any injuries sustained," and where a defendant has acted knowingly, like 7 Cups here, may be awarded exemplary damages in the discretion of the jury.

131.    Defendant used Plaintiff Castro and the New York Subclass's names without consent in advertising and promoting Defendant's company on 7Cups.com.

132.    Plaintiff Castro and the New York Subclass have been injured by Defendant's deceptive acts or practices.

133.    Plaintiff and the class members have no adequate remedy at law.

134.    Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff Castro and the New York Subclass and will continue to damage both Plaintiff Castro and the New York Subclass and deceive the public unless enjoined by this Court.

### SIXTH CAUSE OF ACTION

**Violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, S.H.A. 815 ILCS 505/1**
**(On Behalf of Plaintiff Giordano and the Illinois Subclass)**

135.    Plaintiff Giordano incorporates by reference all allegations in this Complaint and restates them as if fully set forth herein.

136.    Plaintiff Giordano and members of the Illinois Subclass provide mental health services in the State of Illinois.

137.    Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act prohibits "[u]nfair methods of competition and unfair or deceptive acts," including but not limited to any deception, fraud, false pretense, or misrepresentation. S.H.A. 815 ILCS 505/10(a).

138.    Defendant acted in bad faith and are likely to mislead and to continue to mislead consumers as to an affiliation, connection, or association, of Defendant with Plaintiff Giordano and the Illinois Subclass.

139.    Plaintiff Giordano and the Illinois Subclasses have been injured by Defendant's deceptive acts and practices.

140.    Plaintiff Giordano and the Illinois Subclasses lack an adequate remedy at law.

141.    Pursuant to Section 10a of the Illinois Consumer Fraud Act, Plaintiff Giordano and the Illinois Subclass seek actual economic damages or any other remedy which the Court deems proper, including the assessment of punitive damages and award of attorney's fees and costs. S.H.A. 815 ILCS 505/10(a).

142.    Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff Giordano and the Illinois Subclass and will continue to damage both Plaintiff Giordano and the Illinois Subclass and deceive the public unless enjoined by this Court.

### SEVENTH CAUSE OF ACTION

### Violations of the Washington Consumer Protection Act, RCW § 19.86
### (On Behalf of Plaintiff Addison and Washinton Subclass)

143.    Plaintiffs incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

144.    Plaintiff Addison and members of the Washington Subclass provide mental health services in the State of Washington.

145.    Defendant has violated the Washington Consumer Protection Act, RCW § 19.86.020 because Defendant's acts constitute unfair or deceptive acts or practices in the conduct of trade or commerce.

146.    Plaintiff Addison and the Washington Subclass have been injured by Defendant's deceptive acts or practices.

147.    Plaintiff Addison and the Washington Subclass have no adequate remedy at law.

148.    Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff Addison and the Washington Subclass and will continue to damage both Plaintiff Addison and the Washington Subclass and deceive the public unless enjoined by this Court.

149.    Defendant's conduct has also substantially injured the public, particularly individuals in need of mental health care, by misleading people to believe that they will be able to obtain a free therapist, or any therapist, through 7 Cups; causing the delay or abandonment of needed mental health care because people are unable to find a mental health provider on 7 Cups; and providing inadequate and potentially harmful mental health treatment from an unlicensed and untrained "listener," amongst other harms.

150.    Pursuant to RCW § 19.86.090, Plaintiff Addison and the Washington Subclass seek treble damages, injunctive relief, and attorney's fees and costs. S.H.A. 815 ILCS 505/10(a).

## EIGHTH CAUSE OF ACTION

### Violations of the Washington Personality Rights Act, RCW § 63.60
### (On Behalf of Plaintiff Addison and Washinton Subclass)

151.    Plaintiffs incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

152.    The Washington Personality Rights Act, RCW § 63.60.010 of declares that "Every individual or personality has a property right in the use of his or her name, voice, signature, photograph, or likeness."

153.   RCW § 63.60.050 states that "Any person who uses or authorizes the use of a living . . . individual's . . . name" in commerce or "for purposes of advertising" without consent "has infringed such right."

154.   Defendant used Plaintiff Addison and the Washington Subclass's names without consent in advertising and promoting Defendant's company on 7Cups.com.

155.   Plaintiff Addison and the Washington Subclass have been injured by Defendant's deceptive acts or practices.

156.   Plaintiff and the class members have no adequate remedy at law.

157.   Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff Addison and the Washington Subclass and will continue to damage both Plaintiff Addison and the Washington Subclass and deceive the public unless enjoined by this Court

158.   Pursuant to RCW § 63.60.060, Plaintiff Addison and the Washington Subclass seek injunctive relief, the greater of $1,500 in statutory damages or actual damages, disgorgement of Defendant's profits, and attorneys' fees and costs.

159.   Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff Addison and the Washington Subclass and will continue to damage both Plaintiff Addison and the Washington Subclass and deceive the public unless enjoined by this Court.

160.   Defendant's conduct has also substantially injured the public, particularly individuals in need of mental health care, by misleading people to believe that they will be able to obtain a free therapist, or any therapist, through 7 Cups;

causing the delay or abandonment of needed mental health care because people are unable to find a mental health provider on 7 Cups; and providing inadequate and potentially harmful mental health treatment from an unlicensed and untrained "listener," amongst other harms.

161.   Pursuant to RCW § 19.86.090, Plaintiff Addison and the Washington Subclass seek treble damages, injunctive relief, and attorney's fees and costs. S.H.A. 815 ILCS 505/10(a).

### NINTH CAUSE OF ACTION

### Common Law Unfair Competition
### (On Behalf of Plaintiffs and All Classes)

162.   Plaintiffs incorporate by reference all allegations in this Complaint and restate them as if fully set forth herein.

163.   As described more fully herein, Defendant has engaged in conduct with regards to the promotion of a network of providers and provider listings on 7Cups.com that contains false and/or misleading statements of fact, or omissions of essential facts, including those about the mental health services that Plaintiffs and the class members provide.

164.   By misappropriating and exploiting the goodwill and reputations of Plaintiffs and the class members, Defendant has acted in bad faith and has been unjustly enriched, and will continue to do so, unless enjoined by this Court.

165.   Defendant's wrongful conduct constitutes unfair competition under common law.  Plaintiffs and the Classes have no adequate remedy at law.

166.    Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiffs and the Classes and will continue to damage them and deceive the public unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Classes, pray for relief and judgment against Defendants as follows:

A.    certifying the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiffs as representatives of the Classes, and designating Plaintiffs' counsel as Class Counsel;

B.    awarding Plaintiffs and the Classes compensatory damages and actual damages, trebled, in an amount exceeding $5,000,000, to be determined by proof;

C.    awarding Plaintiffs and the Classes appropriate relief, including actual and statutory damages;

D.    awarding Plaintiffs and the Classes exemplary and punitive damages;

E.    awarding Plaintiffs and the Classes civil penalties;

F.    granting Plaintiffs and the Classes declaratory and equitable relief, including restitution and disgorgement;

G.    enjoining Defendant from continuing to engage in the wrongful acts and practices alleged herein;

H.    awarding Plaintiffs and the Classes the costs of prosecuting this action, including expert witness fees;

I.    awarding Plaintiffs and the Classes reasonable attorneys' fees and costs as allowable by law;

J.      awarding pre-judgment and post-judgment interest; and

K.      granting any other relief as this Court may deem just and proper.


## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: May 7, 2025

                     Respectfully submitted,


### MARK HEALTH LAW PLLC

Sara Haviva Mark (*pro hac vice* forthcoming)
909 Third Avenue #792
New York, NY 10150
Tel: (646) 504-1850
Email: sara@markhealthlaw.com

### JANOVE PLLC

By: */s/ Raphael Janove*
    Raphael Janove

500 7th Ave., 8th Floor
New York, NY 10018
Tel: (646) 347-3940
Email: raphael@janove.law